UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CORALEEN DUNN

CIVIL ACTION

VERSUS

NO. 07-153-RET-CN

JEFFERSON NATIONAL LIFE
INSURANCE COMPANY

# **N O T I C E**

Please take notice that the attached Magistrate Judge's Report has been filed with the

Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served

with the attached report to file written objections to the proposed findings of fact, conclusions

of law, and recommendations set forth therein.  Failure to file written recommendations within

ten (10) days after being served will bar you, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions

accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE**

**WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, October 26, 2007.

_____

**MAGISTRATE JUDGE CHRISTINE NOLAND**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CORALEEN DUNN**

                                                   **CIVIL ACTION**

**VERSUS**

                                              **NO. 07-153-RET-CN**

**JEFFERSON NATIONAL LIFE**
**INSURANCE COMPANY**

## MAGISTRATE'S
## REPORT AND RECOMMENDATION

This action was removed to this Court on March 2, 2007. On March 13, 2007, an Order was issued setting a scheduling conference for July 20, 2007. On July 10, 2007, the scheduling conference was cancelled and a scheduling order was entered. In that Order, the Court set a telephone conference for September 21, 2007, at 10:15 a.m. Plaintiff's counsel was ordered to initiate the conference call to Chambers, however, when he failed to do so, the Court made several attempts to reach Plaintiff's counsel by telephone to no avail. Therefore, on September 21, 2007, the Court issued an Order setting a show cause hearing for October 12, 2007, for Mr. Long to show why this suit should not be dismissed and other appropriate sanctions imposed for failure to appear for the telephone status conference. Plaintiff's counsel, Mr. Long, failed to appear when the case was called.

On October 12, 2007, the Court issued an Order for another show cause hearing for Mr. Long to show why this suit should not be dismissed and other appropriate sanctions imposed for failure to appear for the telephone status conference and for failure to appear for

the show cause hearing scheduled for October 12, 2007.  This hearing was scheduled for October 26, 2007, and Plaintiff's counsel, Mr. Anthony Long, again failed to appear when the case was called.[1]

In accordance with Rule 16 and Rule 37 (b)(2)(C) of the Federal Rules of Civil Procedure,  a civil action may be dismissed by the Court for failure to comply with the Orders of the Court.  In the present case, plaintiff's counsel failed to comply with three (3) orders of this Court, i.e., the Order of July 10, 2007, the Order of September 21, 2007, and the Order of October 12, 2007.

Further, in accordance with Uniform Local Rules, Rule 41.3, a civil action may be dismissed by the Court for lack of prosecution, inter alia, where a cause has been pending six (6) months without proceedings being taken within such period.  See also, Rule 41(b),Federal Rules of Civil Procedure.   This provision shall not apply, however, if the cause is awaiting action by the Court.  In the present case, no matters are pending before the Court and plaintiff has failed to take any action in this matter since it was removed, well over 6 months ago.

The failure of the plaintiff's counsel to prosecute this case has effectively derailed the progress of this action, and as a practical matter, the case cannot proceed if the plaintiff does not proceed.  Barring the plaintiff from calling any witnesses or pursuing any defenses at a trial would be ineffective because, in the absence of an attorney, or his withdrawal so the plaintiff's may proceed pro se, there can be no such trial or hearing.  Therefore, the imposition

---

[1] The record docket sheet shows that Mr. Long received notice of all of these hearings through email and that no "bounce back" that the emails did not go through was ever received by the Clerk.

of sanctions short of dismissal, without prejudice, would be ineffective under the circumstances of this case.  <u>John v. State of Louisiana, et al.</u>, 828 F.2d 1129 (5th Cir. 1987).

## <u>RECOMMENDATION</u>

It is recommended that this matter be dismissed for failure to prosecute in accordance with Rule 41(b), Fed. Rules of Civil Procedure and Uniform Local Rules, Rule 41.3, and for failure to obey the orders of the Court in accordance with Rule 16 and Rule 37 (b)(2)(C) of the Fed. Rules of Civil Procedure.

Signed in chambers in Baton Rouge, Louisiana, October 26, 2007.

**MAGISTRATE JUDGE CHRISTINE NOLAND**